FILED
2023 Mar-22 AM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

RONALD MIGUEL WATSON,      )
                          )
    Plaintiff,            )
                          )
v.                        )   Case No. 5:21-cv-00483-ACA-NAD
                          )
LT. JONES, et al.,         )
                          )
    Defendants.           )

## REPORT AND RECOMMENDATION

On April 5, 2021, Plaintiff Ronald Miguel Watson initiated this action by filing a *pro se* complaint, later amended, pursuant to 42 U.S.C. § 1983.  Doc. 1; Doc. 13.  Consistent with the usual practices of this court and 28 U.S.C. § 636(b)(1), the amended complaint was referred for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991); N.D. Ala. Local Rule 72.1.  For the reasons stated below, this report recommends that the court dismiss the remaining claims in this action without prejudice based on Plaintiff Watson's failure to prosecute.

## DISCUSSION

At the time he filed this action, Plaintiff Watson was incarcerated in Limestone Correctional Facility.  Doc. 1 at 2.  When he filed an amended complaint on August 4, 2021, Watson still listed his mailing address as Limestone Correctional

1

Facility.[1]  Doc. 13 at 2.  After the defendants filed special reports (Doc. 23; Doc. 25), the court construed those special reports as motions for summary judgment and notified Watson of his right to respond to those motions.  Doc. 26.  When Watson failed to respond, the court located Watson at the Donaldson Correctional Facility, ordered the Clerk to update Watson's address, and allowed Watson additional time to respond.  Doc. 27.  Watson did not file any response to the motions for summary judgment.  On February 23, 2023, the court granted Defendant Smith's motion for summary judgment, denied the remaining defendants' motion for summary judgment on Watson's claims for excessive force, and referred those claims for further proceedings.  Doc. 30.

Watson has not filed any pleadings with the court since his amended complaint on August 4, 2021 (Doc. 13).  On February 27, 2023, a renewed search for Watson found that he had been transferred to the Ventress Correctional Facility.  Doc. 31.  The Clerk again was directed to update Watson's address and Watson was ordered to (1) confirm that Ventress was, in fact, his current mailing address and (2) advise the court whether he wished to continue prosecuting this action, both within

---

[1] The initial complaint filed by Watson included the warning that Watson bore the "responsibility to notify the clerk in writing of any address change" and that the "[f]ailure to notify the clerk may result in dismissal of your case."  Doc. 1 at 1. Watson signed his amended complaint immediately below the statement that Watson understood that his "failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case."  Doc. 13 at 13.

14 days.  Doc. 31 at 2.  That order also warned Watson that his failure to comply within 14 days "may result in the dismissal of this action for failure to prosecute." Doc. 31 at 2 (citing Fed. R. Civ. P. 41(b)) (emphasis removed).

More than 14 days have passed, but Watson has not complied with or otherwise responded to the February 27, 2023 order.

## RECOMMENDATION

Accordingly, this report **RECOMMENDS** that the court **DISMISS** the remaining claims in this action **WITHOUT PREJUDICE** for failure to prosecute.

## NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within **14 days**.  The objecting party must identify every objectionable finding of fact or recommendation and state the specific basis for every objection.  The objecting party also must identify every claim in the complaint that the report and recommendation has not addressed.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A party who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order.  Without a proper objection,

3

however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

A party may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment entered by a District Judge.

**DONE** this March 22, 2023.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE